THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00010-WYD-MEH

DALLAS BUYERS CLUB, LLC,

a Texas Limited Liability Company,

        Plaintiff,

v.

JOHN DOES 8, 10, 15, and 17-18,

        Defendants.

**PLAINTIFF'S MOTION FOR LEAVE TO TAKE FURTHER LIMITED EXPEDITED DISCOVERY PRIOR TO RULE 26(f) CONFERENCE
(AUTHORITY INCORPORATED)**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff Dallas Buyers Club, LLC moves this Court for entry of an order granting it leave to serve additional subpoenae prior to a Rule 26(f) conference (the "Motion"), and submits the following memorandum in support of this Motion.

**COMPLIANCE WITH DUTY TO CONFER UNDER D.C. COLO.LCivR 7.1(a)**

Pursuant to local court rule D.C. COLO.L.CivR 7.1(a), the Plaintiff's counsel confirms that, prior to filing this motion, he has conferred by telephone and through written correspondence with the person identified by Comcast Communications Management, Inc. ("Comcast") pursuant to a January 7, 2015 Order of this Court [docket #11] as assigned the Internet Protocol ("IP") Address of 71.56.219.124 [hereinafter "the IP Address Assignee"],

which is the IP Address correlated with Defendant John Doe 10, in an effort to avoid having to file this motion. Ex. 1, redacted June 2, 2015 letter to the IP Address Assignee. However, although the IP Address Assignee confirmed that he knew certain persons who regularly used the Internet at his residence, which is the physical address associated with the IP Address assigned to him, he has refused to voluntarily identify any of those persons. Ex. 1. For the reasons stated in this Motion, prompt identification of these persons is a prerequisite to an efficient, just resolution of the claims in the above-captioned action against Defendant John Doe 10, and this Motion is accordingly warranted.

## I.     **INTRODUCTION**

The Plaintiff alleges that the Doe Defendants in the above-captioned action, identified only by their IP addresses, have infringed the Plaintiff's copyrighted work by using the Internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform the Plaintiff's protected film [Complaint, docket #1]. On January 5, 2015, the Plaintiff filed a motion for leave to serve limited, expedited discovery prior to a Rule 26 (f) conference on the Doe Defendants' Internet Service Providers ("ISPs") so that the Plaintiff could obtain additional information concerning the identities of the Doe Defendants [docket #8]. Specifically, in that instance, the Plaintiff sought the customer identities of the persons to whom the ISPs assigned the IP addresses that allegedly infringed the Plaintiff's copyrighted work during the dates and time specified on Exhibit A of the Complaint [docket #s 8 & 1-1].

This Court granted the motion on January 7, 2015, and directed that any subpoenas served on the ISPs be limited to providing the Plaintiff only with the names, addresses, telephone

numbers, email addresses, and Media Access Control addresses of the persons to whom the ISPs had assigned the IP Addresses shown on Exhibit A of the Complaint [docket #11]. The Court also directed that the Plaintiff serve a copy of its Order with any subpoenas and that each ISP served notify its subscribers of the subpoena served on it and of the request therein for the subscriber's identification [docket #11].

On January 8, 2015, in accordance with the Court's January 7th Order, the Plaintiff had a subpoena served on ISP Comcast. Ex. 2, Proof of Service. Comcast responded in pertinent part on February 4, 2015, by providing the name, address, and telephone number of the assignee to IP Address 71.56.219.124 (*i.e.,* the "IP Address Assignee"), which is the person to whom it had assigned John Doe 10's IP address on November 12, 2014, the date of John Doe 10's alleged infringement. *See* Ex. 3, partially redacted copy of Comcast's response.

The Plaintiff's Counsel contacted the IP Address Assignee to attempt to ascertain whether the Plaintiff's claims against John Doe 10 could be expeditiously resolved without further litigation. The IP Address Assignee denied that he had used the Internet to infringe the Plaintiff's copyrighted work but stated in pertinent part: "I have three roommates that also use the Internet here. . ." Ex. 1. The Plaintiff's counsel then requested the identity of those three roommates, noting that information provided by the Plaintiff's Information Technology ("IT") consultants regarding the pattern of BitTorrent file sharing by the subject IP Address during the relevant time period and their access to other publicly available information likely would allow them to ascertain the likely infringer if those identities were provided. Ex. 1. The IP Address Assignee to date has failed to voluntarily provide the requested identities of his roommates or of any other persons known to him to have had access to the Internet in his residence during the

relevant time, and he has indicated that he has no intention of doing so.

The pattern of BitTorrent download activities by the user or users of the subject IP Address is shown on Exhibit 4. This pattern shows download activity in August, September, October, November, and December of 2014, a gap during the months of January and February 2015, and then a resumption of BitTorrent download activity in March, April, and May of 2015, which indicates a pattern of use that can be correlated with the times of a person's presence in the residence. Ex. 4. This BitTorrent download activity pattern also shows repeated downloading of certain items, indicating indentifiable tastes or preferences, and also some very unique materials, such as an eBook on Endocrinology. Ex. 4.

This download pattern thus creates a profile or profiles that can be matched with characteristics of the infringer or infringers through a comparison of the information concerning such persons that is publicly available through social media and other publicly available information sources. That is, because the BitTorrent downloading patterns of a BitTorrent user likely reflect content of interest to the downloader, that content, whether books, television programs, movies, music, or software, typically can be correlated with public profiles of persons shared over the Internet through social media such as Facebook, Twitter, Google+, and other similar Internet communication fora and with other public information sources.

Exhibit 5 attached to this motion is an example of one page of a twelve-page exhibit showing a BitTorrent downloading pattern. This page was tendered to a sister federal court in another Dallas Buyers Club, LLC action (Dallas Buyers Club, LLC was a co-plaintiff) to support a motion for expedited discovery prior to a Rule 26(f) Conference of the employee records of a business. *See Voltage Pictures, LLC and Dallas Buyers Club, LLC v. Doe-50.76.100.253,* No.

3:14-cv-01242-AC, (D. Or. 2014) [hereinafter "*Voltage Pictures*"] (docket #11-1).  The motion was granted.  *See Voltage Pictures* (Opinion and Order, docket #16).  The Plaintiffs in that case contended that the pattern of BitTorrent downloading could be correlated with employee records and the public profiles of those employees.  *Voltage Pictures* (Plaintiffs' Motion for Continued Non-Party Discovery, docket #11).  The Court's granting the Plaintiffs' supplemental, expedited early discovery requests in the *Voltage Pictures* case ultimately allowed the Plaintiffs to identify the specific infringer employee by name and obtain a Stipulated Consent Judgment against that infringer.  *Voltage Pictures, et al. v. Henry J. Lin* (Stipulated Consent Judgment, docket #28), copy attached hereto as Ex. 6.

Similarly, after this Colorado Federal District Court granted a request by this Plaintiff's counsel for limited expedited discovery regarding the persons who had access to an IP Address assigned to another Defendant John Doe 10 in another Dallas Buyers Club, LLC action, Civil Action No. 1:15-cv-00145-WYD-MEH [docket #18, entered 3/30/2015], the actual infringer was then identified, the Plaintiff's claims were then expeditiously resolved, and that John Doe 10 has now been dismissed with prejudice without additional litigation with respect to this Defendant, thus resulting in a just, speed, and economical resolution of this claim in accordance with the public policy mandates of Fed. R. Civ. P. 1 [docket #30, entered 6/15/2015].

Accordingly, appropriately tailored subpoenae served on the IP Address Assignee in the above-captioned action and the IP Address Assignee's landlord (whose identity is available through the Boulder County Assessor's Office, *see* redacted record of same, Ex. 7), who presumably also can identify the Assignee's roommates during the relevant time period, would likely lead eventually to the discovery of information that would allow the Plaintiff to serve the

Summons and Complaint in this action on the person who engaged in the conduct attributed in the Complaint to John Doe 10. Absent such information, the true identity of John Doe 10 cannot be obtained by the Plaintiff, the Plaintiff cannot serve this Defendant with the Summons and Complaint, and there could not be a Rule 26(f) conference.

Therefore, unless the Plaintiff is allowed to obtain information regarding all of the tenants at the IP Address Assignee's residence who had access to the subject IP Address during the relevant period of time (the time of the alleged infringement shown on Ex. A to the Complaint) prior to a Rule 26(f) conference, and regarding any other persons known to the IP Address Assignee to have had access to the Internet connection at his residence on the date of the alleged infringement, this Defendant unjustly could not be held accountable to this Court for his or her alleged infringing misconduct, and, because the use of the BitTorrent Protocol at this residence to download copyrighted materials is apparently continuing, there is a danger that the Plaintiff will suffer irreparable harm from repeated infringements of its copyright by the same person or persons if the infringing misconduct is not promptly enjoined. *See* Exs. 1 and 4.

## II.     ARGUMENT

Fed. R. Civ. P. 26(d) proscribes seeking discovery before Rule 26(f) conferral. However, this prohibition is not absolute; the Court may authorize discovery upon a showing of good cause. *Pod-Ners,LLC v. Northern Feed & Bean of Lucerne Ltd. Liability Co.,* 204 F.R.D. 675, 676 (D. Colo. 2002); *see also Countryman Nevada, LLC v. John Does 1-7,* No. 14-cv-01426-WYD-MEH, (D. Colo. Aug. 21, 2014) (Recommendation of United States Magistrate Judge, docket #30).

"Expedited discovery should be limited, however, and narrowly tailored to seek

information necessary to support expedited or preliminary relief." *Avaya, Inc. v. Acumen Telecom Corp.*, No. 10-cv-037075-CMA-BNB, 2011 WL 9293, at *2 (D. Colo. Jan. 3, 2011) (citations omitted). The Plaintiff's Motion is consistent with this mandate; it is only requesting leave to serve narrowly-tailored Rule 45(d) subpoenae on the IP Address Assignee and his landlord in order to obtain very limited information that is needed on an expedited basis in order for the Plaintiff to proceed in a timely manner to pursue its claims in this action.

The purpose of these subpoenae would be merely to obtain the identity any other tenant residing with the IP Address Assignee (*i.e.*, his roommates) or any other person known by the IP Address Assignee to have had access to the IP Address Assignee's Internet connection at his residence on November 12, 2014, the date of the alleged infringement. Such a tenant or other person logically could be the person who engaged in the infringing misconduct attributed to John Doe 10 that is at issue in this civil action, and there is a likelihood that the actual infringer could then be identified by correlating BitTorrent download activity on the subject IP Address with public profiles of the persons identified through such expedited discovery. The Plaintiff's subpoenae would seek nothing more. Because the Plaintiff's request would be limited and specific, the leave requested by Plaintiff's motion therefore comports with the limitations imposed on expedited pre-Rule 26(f) discovery in this judicial district. *Id.*

Without having the opportunity to discover the information necessary to determine the Defendant's true identity, the Plaintiff would not be able to serve the person now known only as Defendant John Doe 10 with process—a prerequisite for Rule 26(f) discovery, and, more important, the Plaintiff would consequently be barred from having its day in court to assert its statutorily protected property rights against this Defendant and halt what appears to be a pattern

of BitTorrent downloading activity that threatens the Plaintiff with irreparable harm.  *See Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 564-66 (S.D.N.Y. 2004) and *see also TCYK, LLC v. Doe,* 2014 U.S. Dist.LEXIS 53418 at *6 (D. Colo. 2014).

### III.   CONCLUSION

For the foregoing reasons, the Plaintiff requests that this Court forthwith grant leave to the Plaintiff to issue narrowly-tailored Rule 45 subpoenae on the IP Address Assignee and his landlord solely to obtain pertinent portions of any documents, including electronically stored information, within their possession, custody, or control that identify the name, address, and/or telephone number of any person who was leasing premises at the physical property also leased by the IP Address Assignee on November 12, 2014, the date of the alleged infringement, and of any other person known by the IP Address Assignee to have had access to the IP Address Assignee's Internet connection at his residence on that date.

A proposed order is tendered with this motion.

DATED this 16th day of June, 2015.

Respectfully submitted,

/s/ *David J. Stephenson, Jr.*
David J. Stephenson, Jr.
2801 Youngfield St., Suite 300
Golden, Colorado 80401
Telephone: (303) 726-2259
Facsimile: (303) 362-5679
david.thunderlaw@gmail.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 16, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel and interested parties of record through this system.

      By: /s/ *David J. Stephenson, Jr.*